**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **P.W., E.W., A.W., and K.S.**

**No. 18-0635** (Cabell County 17-JA-145, 17-JA-146, 17-JA-147, and 17-JA-148)

**MEMORANDUM DECISION**

Petitioner Mother M.W., by counsel Allison K. Huson, appeals the Circuit Court of Cabell County's June 12, 2018, order terminating her parental rights to P.W., E.W., A.W., and K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robert E. Wilkinson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the DHHR filed an abuse and neglect petition alleging that petitioner abused alcohol and that her alcohol abuse negatively affected her ability to parent the children. The DHHR alleged that petitioner was found unresponsive in her home in the presence of three of the children and the fourth child was not picked up from her bus stop after school. According to the DHHR, petitioner was visibly intoxicated and arrested for child neglect. Additionally, the DHHR alleged that petitioner was prescribed Suboxone and methadone at different times during the last three years. Petitioner's children disclosed that they had seen petitioner exchange pills for cash during this time. The children were removed from petitioner's custody and placed with their maternal grandmother.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in October of 2017 and petitioner stipulated to the allegations of abuse and neglect contained in the petition. The circuit court noted that petitioner was inconsistent with drug screening and recently tested positive for alcohol. Nevertheless, the circuit court granted petitioner a post-adjudicatory improvement period. In November of 2017, the circuit court reviewed petitioner's improvement period and found that petitioner completed a twenty-eight-day substance abuse treatment program and entered into a new long-term treatment program. Accordingly, the circuit court found that petitioner was complying with her improvement period.

The circuit court held a subsequent review hearing in February of 2018. Petitioner did not appear, but was represented by counsel. Based on representations of counsel and the record, the circuit court found that petitioner was discharged from her substance abuse treatment facility in January of 2018 for failing to report her prescription for pain medication. Following her discharge, petitioner overdosed in mid-February of 2018. At the time of the review hearing, petitioner had not re-entered a treatment program. The circuit court found that petitioner failed to abide by the terms of her improvement period, terminated her improvement period, and set a dispositional hearing.

In May of 2018, the circuit court held a dispositional hearing. Petitioner moved for a post-dispositional improvement period on the basis that she had entered into a long-term substance abuse treatment facility in March of 2018 and continued to participate in treatment. Petitioner admitted that she participated in multiple substance abuse treatments in the past to remedy "probably [thirteen], [fourteen] years" of addiction, but never successfully completed a treatment program. According to petitioner, the current program was divided into four phases and she was on the third phase. Petitioner did not give an estimate as to when she would complete the program. A DHHR worker testified and opined that it was in the children's best interest for the petitioner's parental right to be terminated. According to the worker, permanent guardianship would expose the children to continued risk of placement with the mother and that the two oldest children did not wish to return to her care. The grandmother and current caretaker of the children, C.M., testified that "for the two older children it's probably too late," but that she desired petitioner's parental rights to remain intact for the benefit of the younger children. Additionally, the guardian asserted that he believed that a permanent legal guardianship in the custody of the grandmother was in the best interest of the children because of the safety provided in their relative placement.

Ultimately, the circuit court denied petitioner's motion for a post-dispositional improvement period. The circuit court weighed petitioner's decade-long addiction against her ten weeks of recent sobriety and found that there was no reasonable likelihood that petitioner could substantially correct her addiction in the near future. The circuit court concluded that it was in the best interest of the children to terminate petitioner's parental rights. Accordingly, the circuit

2

court terminated petitioner's parental rights in its June 12, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. Petitioner asserts that she demonstrated a substantial change in circumstances because she "promptly re-enrolled in treatment" after being dismissed from her first substance abuse treatment. Petitioner argues that her ten-week participation in the subsequent treatment program proves she could fully comply with the terms of a post-dispositional improvement period. We find no error.

West Virginia Code § 49-4-610(3) provides that a circuit court may grant a post-dispositional improvement period when the parent "files a written motion requesting the improvement period" and the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Further, West Virginia Code § 49-4-610(3)(D) provides that, if the parent has previously been granted an improvement period that parent must "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in

_____

[2]According to the parties, the fathers are either deceased or had their parental rights terminated. The permanency plan for the children is adoption in their current relative foster placement.

part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements.").

The circuit court did not abuse its discretion in denying petitioner's motion for a post-dispositional improvement period. During the proceedings, petitioner entered into and was discharged from a substance abuse treatment facility. Although petitioner argues that she "promptly re-enrolled in treatment," it is clear from the record that petitioner abused substances for a month and a half and overdosed during that period. Further, despite the services she was provided from November of 2017 to January of 2018 in the first treatment, petitioner could not control her substance abuse. Considering this example and testimony regarding the numerous treatments petitioner previously underwent to resolve her addiction, petitioner entering a new long-term substance abuse treatment is not a substantial change in circumstances, as there is nothing in the record that suggests petitioner was more likely to be successful in this program. "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened[.]" *Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4 (2011). Again, considering the numerous treatments that petitioner previously and unsuccessfully attempted, it was unlikely that another substance abuse treatment program would ultimately be successful. Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights for two reasons. First, petitioner argues that the record below does not support a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Second, petitioner argues that the circuit court erred by not ordering a permanent legal guardianship, which was a less-restrictive alternative to the termination of her parental rights. However, we find no error in the circuit court's termination of petitioner's parental rights.

West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment[.]" The record supported a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because petitioner admitted to multiple failed addiction treatment attempts and failed again to complete treatment during these proceedings. As previously mentioned, the circuit court does not need to exhaust every possibility of parental improvement. Petitioner's attempt and failure to remedy her addiction simply deepened the pattern of her past behavior. Therefore, despite petitioner entering into a subsequent treatment program, there was no reason to expect that petitioner would necessarily be successful on this attempt. Accordingly, the record supports a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected.

With respect to petitioner's argument that the circuit court should have granted permanent legal guardianship to C.M. rather than terminating petitioner's parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The record supports the circuit court's finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected within a reasonable time and that termination was necessary for the child's welfare. While, petitioner argues on appeal that the grandmother and the guardian both asserted that termination of parental rights was not in the best interest of the children,[3] she fails to recognize that the two older children did not desire to be returned to her custody. The guardian expressed that these older children did not "really care, they just want to stay where they are at." Also, the grandmother acknowledged that "for the older children it's probably too late." Moreover, every party to the proceedings agreed that it was in the children's best interests to avoid sibling separation. By terminating petitioner's parental rights, the circuit court ensured that permanency was achieved for the children. The circuit court correctly found that termination of parental rights was in the children's best interests and in accordance with the wishes of the children of appropriate maturity.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice Paul T. Farrell sitting by temporary assignment.

---

[3]It is worth noting that, in response to petitioner's appeal, the guardian supports the circuit court's order terminating petitioner's parental rights.

5